**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel DESIDERIO–MEZA,**
**Defendant–Appellant.**

No. 01–55108.
D.C. No. CV–99–2695–BTM
CR–98–00752–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 26, 2001.

Before GOODWIN, WALLACE, and
THOMAS, Circuit Judges.

MEMORANDUM *

Petitioner Manuel Desiderio–Meza appeals the judgment denying his 28 U.S.C. § 2255 petition. He alleges that he received ineffective assistance of counsel when, after he was sentenced, his lawyer did not file a notice of appeal. The facts and prior proceedings are known to the parties and are not restated herein except as necessary.

To prevail on an ineffective assistance of counsel claim when the attorney has failed to file a notice of appeal, a petitioner must demonstrate that (1) counsel acted unreasonably, and (2) counsel's conduct prejudiced his case by causing him to forfeit his appeal. See *Roe v. Flores–Ortega,* 528 U.S. 470, 483–84, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Neither party disputes the district court's finding that the attorney's performance was unreasonable. The issue on appeal is whether counsel's deficiencies prejudiced Desiderio–Meza's case.

To show prejudice, there must be a reasonable probability that, "but for counsel's deficient failure to consult with [the defendant] about an appeal, [the defendant] would have timely appealed." *Id.* at 484, 120 S.Ct. 1029. The district court found as a fact that Desiderio–Meza was aware of his right to appeal but "failed to act upon" it.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

At the sentencing hearing, Desiderio–Meza acknowledged to the district court that he knew of his rights to appeal and to appointed counsel. Desiderio–Meza further demonstrated knowledge of his rights when, after sentencing, he discussed with a second attorney the cost of an appeal.

Even though Desiderio–Meza knew he could appeal, at no time before, during, or after sentencing did he ask his sentencing attorney, Joseph Bacho, to file a notice of appeal. Deisderio–Meza testified in his § 2255 hearing that he called Bacho from jail and asked him to appeal, but the district court did not believe Desiderio–Meza's testimony. A court's credibility findings are reviewed for clear error. *See United States v. Saya*, 247 F.3d 929, 935 (9th Cir.2001). "If the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997) (alteration in original) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

The record supports the district court's finding. Both Desiderio–Meza and Bacho testified under oath and were subject to cross-examination. Bacho testified that Desiderio–Meza never asked him to appeal. Bacho's testimony was based on notes from his office phone logs, which showed Desiderio–Meza calling only for the court's judgment and the case file. Even though Desiderio–Meza testified that he did call Bacho to appeal, Desiderio–Meza was otherwise unclear about the specifics of the conversation. In light of the evidence, the court did not err in finding that Desiderio–Meza had not asked his sentencing attorney to appeal.

If petitioner wanted to appeal, he should have asked his sentencing attorney or contacted the district court for appointed counsel to file a notice of appeal on his behalf. Having made no such requests, petitioner chose not to exercise his right in a timely manner, and the district court properly concluded that Desiderio–Meza suffered no prejudice from his sentencing attorney's failure to file a notice of appeal.

AFFIRMED.